## STEWART *v.* THE STATE.

EVIDENCE.—In civil cases, the preponderance of evidence must control, but in criminal cases and prosecutions for misdemeanors, the evidence must be beyond a reasonable doubt, to justify a conviction.

From the Delaware Circuit Court.

*J. N. Templer* and *R. S. Gregory*, for appellant.

*J. C. Denny*, Attorney General, for the State.

PETTIT, J.—This was an indictment for selling, bartering, and giving away intoxicating liquor, under the first section of the act of February 27th, 1873, to regulate the sale of intoxicating liquors, etc. Acts 1873, p. 151. There was a trial by jury, and verdict of guilty, and judgment on the verdict. A motion for a new trial was made, and one of the causes for a new trial is, that "the verdict is not supported by sufficient evidence, and is contrary to the evidence." We have read and fully considered the evidence, and are fully and thoroughly satisfied that it does not show that the appellant either sold, bartered, or gave to the person named any intoxicating liquor to be drank by him at the place where got, or in any room or place connected with it, but on the contrary the evidence plainly and fully shows that no such thing was done. Convictions ought not to be had, and cannot be sustained, on such evidence.

In civil cases, the preponderance of evidence must control the finding of the jury, but in criminal and misdemeanor cases, the evidence must be beyond a reasonable doubt, to justify a conviction.

The judgment is reversed, with instructions to the court below to give a new trial to the defendant.