## JOHN D. BOLEN

### v.

### THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed February 19, 1900.*

1. INDICTMENT—*indictment for incest need not charge that the act was felonious.* An indictment charging the accused with the crime of incest in the language of the statute is sufficient, though it fails to allege the act was felonious or knowingly committed, since the crime of incest was not a felony at common law and is indictable only by virtue of the statute.

2. CRIMINAL LAW—*permitting unendorsed witnesses to testify in criminal case is discretionary.* Witnesses whose names are not endorsed on the indictment may be permitted to testify, and the action of the court in so doing cannot be assigned for error.

3. TRIAL—*accused cannot assign error on the court's refusal to inform prosecuting witness of privileges.* Defendant in a criminal case cannot assign error on the court's refusal to inform the prosecuting witness that she need not answer the questions propounded to her if such answers would criminate her.

4. SAME—*what not an abuse of court's discretion in allowing further evidence.* The admission, after the case had been closed and the argument for the People made, of further evidence in the form of testimony of the prosecutrix that the accused, who was on trial for incest, had committed the offense with her on several occasions other than the one first testified to, is not an abuse of the court's discretion, where the accused was permitted to be re-called and denied the testimony.

5. EVIDENCE—*what competent in trial for incest.* On a trial for the crime of incest it is competent for a daughter of the accused to testify as to her mother's given name, that her father and mother always treated each other as though they were married, and as to the age of her father and the prosecutrix.

6. RECORD—*when record sufficiently shows that the accused was present when verdict was returned.* The record sufficiently shows that accused was present when the verdict was returned, where it shows that accused entered his plea, that the trial was entered into and concluded the next day and that accused was present each day.

WRIT OF ERROR to the Circuit Court of Ogle county; the Hon. JAMES S. BAUME, Judge, presiding.

FRANCIS BACON, for plaintiff in error.

E. C. AKIN, Attorney General, and S. W. CROWELL, State's Attorney, (C. A. HILL, B. D. MONROE, and J. C. SEYSTER, of counsel,) for the People.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

Plaintiff in error was indicted and convicted of the crime of incest, in having illicit intercourse with his own daughter, a girl fifteen years of age. The evidence shows the arrest of the defendant was made on the same day the prosecutrix alleges the offense was committed. The evidence is conflicting, the prosecutrix swearing to the commission of the act and the defendant denying it. Some additional evidence was heard, and the jury found the defendant guilty, and he was sentenced to imprisonment in the penitentiary under the Indeterminate Sentence act. The defendant sues out this writ of error, and urges the court erred in not quashing the first count of the indictment, under which the conviction was had, because it is not averred therein that the act was feloniously committed or that it was knowingly committed.

The first count of the indictment is exceedingly inartificially drawn, containing much surplusage, but it sufficiently states and charges the defendant with being guilty of the crime of incest, in the language of the statute. Every indictment found by a grand jury shall be deemed sufficiently technical and correct which alleges and charges the offense in the language of the statute creating the offense, or so charges the offense that it may be understood by the jury. This has been so frequently announced by this court that it is almost unnecessary to cite authorities. The last announcement made by this court of this rule is in *Graham* v. *People*, 181 Ill. 477, where numerous authorities are cited. The contention that the indictment must state the offense was feloniously and knowingly committed cannot be sustained. Incest is a statutory offense, and not indictable other-

wise. · (4 Blackstone's Com. 64; 1 Bishop on Crim. Law, sec. 502.) The rule, however, would be different where the offense was a felony at common law. *Ervington* v. *People,* 181 Ill. 408.

On the trial the defendant entered a motion to restrict the People to the list of witnesses endorsed on the indictment. This motion was overruled and witnesses not endorsed on the indictment were permitted to be called, sworn and to testify. It is not error to overrule a motion to restrict the People to the list of witnesses endorsed on the indictment, nor to allow witnesses not endorsed on the indictment to be called to testify in the case. This is a matter resting in the sound discretion of the court, and cannot be assigned for error. (*Gates* v. *People,* 14 Ill. 433; *Gardner* v. *People,* 3 Scam. 83; *Perteet* v. *People,* 70 Ill. 171; *Smith* v. *People,* 74 id. 144; *Logg* v. *People,* 92 id. 598; *Bulliner* v. *People,* 95 id. 394; *Andrews* v. *People,* 117 id. 195; *Gore* v. *People,* 162 id. 259.) In overruling the motion to restrict the People to the list of witnesses endorsed on the indictment, and in permitting others to be called and to testify, there was no error.

It is next insisted that the court erred in refusing to inform the prosecuting witness that she need not answer questions put to her if such answers would criminate her or add a link in the chain of evidence to convict her of any crime. A witness is not bound to answer questions which may form an essential link in the chain of evidence which will be sufficient to convict him of a crime. This right to refuse to answer questions which will criminate him is a privilege of which the witness may avail himself or he may waive it. The right to claim the privilege is one resting with the witness alone, and his failure to claim his privilege cannot enure to the benefit of the defendant in a case, and is no ground for complaint by him. The right exists with the witness to inquire of the court the extent of his right to refuse, and when such inquiry is made by the witness it is the duty of the court to in-

form him as to the extent of his rights and privilege; but it is not a matter which in any manner concerns the defendant or his counsel, and he has no right to assign error for the same.

It is next urged that the court erred in admitting the evidence of Daniel Stover and Joanna Bolen. The evidence of Daniel Stover was, in effect, that he had a conversation with the defendant, in which the witness said to the defendant: "John, now since I have learned of the guilt it is a surprise to me you did not try to get away. You rode right up in front, and I expected, when there was nothing to hold you, you would jump and try to get away. He answered, 'If you thought that, why did you not drive up and tell me?' to which I said it wasn't my place to tell." He further testified as to about the age of the prosecutrix. After the close of the witness' testimony it was objected to and motion made to strike the same from the record, which was allowed. Except as to his expression of opinion as to what he had learned the evidence could properly have been permitted to stand before the jury, but on the whole evidence it is clear that it could not have worked a prejudice to the defendant. It was not error to allow this witness to testify. The testimony of Joanna Bolen states her mother's given name, and that her father and mother treated one another as though they were married, and states the ages of her father and of the prosecutrix. There was no error in its admission.

It appears that after the prosecution and the defendant had rested the case the State's attorney argued the case to the jury, and at the close of his argument asked to re-open the case and re-call the prosecutrix as a witness, who thereupon testified that the defendant had had connection with her on some six occasions other than the one mentioned in her first testimony. To all the questions asked of this witness the defendant objected and the objections were overruled, to which exceptions were

taken, and this action of the court is assigned as error. The admission of further evidence after the case has been closed and before the jury have retired has been held by this court to be a matter resting in the sound discretion of the court. This evidence brought out after the prosecutrix was re-called was the same concerning which she had been questioned when first on the witness stand and to which the defendant strenuously objected. It does not appear to have been passed on by the court and was evidence properly admissible. There was no abuse of the discretion of the court in permitting the witness to be called for this purpose, as the court further permitted the defendant to be re-called, who denied this testimony. *Tucker* v. *People*, 122 Ill. 583.

It is next insisted that the judgment should be reversed because the record fails affirmatively to show that the plaintiff in error was present in court when the verdict was rendered. The record does show that the defendant entered his plea and the trial was entered upon and concluded the next day, and that the defendant was present on each day. This is sufficient, as it is not necessary to show that when each question was asked and answered the defendant was present, if at the commencement of the day's trial or after each adjournment he is present in court.

Complaint is made as to the giving of one instruction for the prosecution and the modification of instructions asked by the defense. Without unduly extending this opinion by quoting and copying these instructions, it is sufficient to say that we find no error in the record in giving or modifying instructions.

The judgment of the circuit court of Ogle county is affirmed.                              *Judgment affirmed.*