### Benjamin S. Stanley v. The People.

1. EVIDENCE—*In Criminal Cases.*—In every criminal trial the defendant is presumed to be innocent until he is proved to be guilty. A mere preponderance of the evidence, as is the rule in civil cases, is not sufficient. Every material allegation in the indictment must be proved beyond a reasonable doubt. Unless a different rule is established by statute, this is the universal rule in criminal cases, whether they be misdemeanors or felonies.

2. STATUTES—*Sec. 491, Ch. 38, R. S., Hurd, 1901, Construed.*—Sec. 491, Ch. 38, R. S., Hurd, 1901, providing that in a prosecution for wife abandonment, " no other evidence shall be required to prove the marriage of such husband and wife * * * than is or shall be required to prove such facts in a civil action, and such husband or wife shall be a competent witness to testify * * * to any and all matters relevant thereto, including the facts of such marriage," does not change the rule as to the *quantum* of evidence necessary for conviction in criminal cases; it applies to the quality of proof in such cases.

Indictment for Wife Abandonment.—Error to the Criminal Court of Cook County; the Hon. ABNER SMITH, Judge presiding. Heard in this court at the March term, 1902. Reversed and remanded. Mr. Justice BALL dissenting. Opinion filed November 28, 1902.

Plaintiff in error was indicted, tried, found guilty and sentenced in the Criminal Court of Cook County, under the statute for wife abandonment.

The prosecution relied upon proof of a common law marriage as the foundation of the charge. On the trial plaintiff in error excepted to the following instruction given by the court upon behalf of the people:

" The court instructs the jury as a matter of law  that no ceremony, either civil or religious, is necessary to constitute a valid marriage; that marriage is a civil contract, and that if the  jury believes from the evidence that the defendant and Bessie Friend contracted and agreed together to become husband and wife, and this contract was followed by cohabitation and living-together as man and wife, then the marriage was as valid and legal as if the same had been performed by civil or religious ceremony pursuant to a license issued according to law."

J. W. BANTZ, attorney for plaintiff in error.

CHARLES S. DENEEN, state's attorney; EDWARD S. ELLIOTT, assistant state's attorney, for defendant in error.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

In every criminal trial the  defendant is presumed  to be innocent until  he is fully proven to 'be guilty.  A  mere preponderance of the evidence, as is the rule in  civil  cases, is not sufficient.   Every material allegation  in the indictment must be proved beyond a  reasonable doubt.   Unless a different rule is established  by statute, this is the universal rule in criminal cases, whether they be felonies or be misdemeanors.   Stewart v. State, 44 Ind. 237; Fuller v. State, 12 Ohio St. 433; 1 Starkie on Ev., 451.

The General Assembly has made the abandonment of his wife by a husband a misdemeanor (Secs. 489 and 490, Ch. 38, Hurd's R. S. 1901), and as to the evidence required in such cases, it provides by the next following  section (491) that

" No other evidence shall  be required to  prove the marriage of  such husband and wife   *   *   *   than is or shall be required  to  prove said facts in a  civil  action, and such husband or  wife  shall  be a  competent  witness to testify *   *   *   to any and all matters relevant thereto, including the facts of such marriage."

A majority of the court are of the opinion that this last section does not change the rule as to  the *quantum* of evidence necessary  for  conviction in criminal cases; that it applies to the quality of proof in such cases.   This being so,

the instruction above quoted states the law incorrectly, and the giving of it to the jury is reversible error.

As this case must go to another jury, we refrain from commenting upon the evidence before us.

The judgment of the Criminal Court is reversed and the cause is remanded.

MR. PRESIDING JUSTICE BALL.—I can not agree with the majority of the court in the construction of said section 491. I think it relates to the *quantum* of proof, and that therefore the instruction excepted to was properly given.