The People of the State of Illinois, Defendant in Error, v. Christ Peterson, Plaintiff in Error.

Gen. No. 16,649.

1. HUSBAND AND WIFE—*Municipal Court.* The Municipal Court of Chicago has jurisdiction of a prosecution of a husband for abandoning and neglecting to support his wife, and the offense can be prosecuted by information.

2. HUSBAND AND WIFE—*wife abandonment.* A husband charged with abandoning and neglecting to provide for his wife, had lived with her at his mother's. He testified that he went to another state to find work, that he did not inform his wife as she was not at home, that he intended to send for her and on returning to his mother's, not having secured work, he found his wife had left a week after he did without leaving word where she had gone. Neither party made inquiry as to the whereabouts of the other. *Held*, the evidence was not sufficient to support a conviction.

3. HUSBAND AND WIFE—*wife abandonment must be proved beyond a reasonable doubt.* A prosecution of a husband for abandoning and neglecting to provide for his wife is a criminal action and every material allegation in an information must be proved beyond a reasonable doubt.

Error to the Municipal Court of Chicago; the Hon. W. K. DIET-ERICH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Reversed and remanded. Opinion filed October 3, 1912.

E. H. KUBITZ, for plaintiff in error.

GEORGE FRANTZEN, for defendant in error.

Mr. Presiding Justice Gridley delivered the opinion of the court.

On April 27, 1910, an information was filed in the Municipal Court of Chicago by Julia Thompson, sister of Alice Peterson, stating that on June 6, 1909, Christ Peterson, the lawful husband of Alice Peterson, "did then and there wrongfully and unlawfully, and without good cause, abandon and neglect and refuse to maintain and provide for his said wife, the said Alice Peterson, contrary to the statute," etc. Peterson was arrested and tried, the jury finding him "guilty of wife abandonment in manner and form as charged in the information." The court adjudged him "guilty of the criminal offense of abandoning, without good cause, his wife, and neglecting and refusing to maintain and provide for her," and sentenced him to pay a fine of $100 and costs of suit, and further ordered him to pay to said Alice Peterson, for her use, the sum of $6 per week for the period of one year. To reverse the judgment this writ of error is prosecuted.

It appears that plaintiff in error was married to Alice Peterson at St. Joe, Michigan, in September, 1908; that they returned to Chicago, the wife going to live with her said sister and plaintiff in error to live with his mother; that about October 11, 1908, they commenced to live together as husband and wife on Milwaukee avenue; that after residing there for a short time, they went to the residence of the mother of plaintiff in error and together lived there until June 4, 1909, on which date plaintiff in error, being out of work, went to Latimer, Iowa, where he expected to find work. He testified that it was his intention, if he there succeeded in obtaining work, to send for his wife and have her come and live with him; that he did not succeed in obtaining work and returned to Chicago, went to his mother's house and ascertained that his wife had left said house about June 11, 1909, leaving no word where she had gone; that

he did not tell his wife when he went away where he was going because she was not at home at that time; that he did not write his wife while he was gone; that he did not make any search for her after he returned, and that he had not contributed to her support since June 4, 1909. The evidence further disclosed that the wife, after leaving the home of the mother of plaintiff in error, made no inquiry there as to the whereabouts of plaintiff in error, and that during the time the parties were living together as husband and wife, trouble between them arose because of the wife leaving plaintiff in error on several occasions and remaining away for several days at a time against his protest.

It is first contended by counsel for plaintiff in error that the Municipal Court was without jurisdiction to enter the judgment, because the offense complained of could only be prosecuted by indictment. The offense charged could be prosecuted by information (Sec. 24, Chap. 68, Hurd's Rev. Stat. Ill.; People v. Glowacki, 236 Ill. 612).

It is next contended that in order to convict a husband of wife abandonment under the statute it must be shown that the husband, without good cause, did "abandon his wife *and* neglect and refuse to maintain and provide for her," under such circumstances as to disclose an intention on his part of not returning to the wife, and that the evidence in this case does not show such an intention. We agree with counsel, and are of the opinion that the evidence is not sufficient to support the verdict and the judgment (Virtue v. People, 122 Ill. App. 223, 225; State v. Weber, 48 Mo. App. 500).

On the trial, counsel for plaintiff in error asked the court to instruct the jury to the effect that it was incumbent upon the prosecution to prove, beyond a reasonable doubt, that the defendant did abandon his wife without good cause, which instruction the court

refused to give. We think the trial court erred in refusing to give such an instruction. This is a criminal action, and every material allegation in the information must be proved beyond a reasonable doubt. A mere preponderance of the evidence is not sufficient. Stanley v. People, 104 Ill. App. 294; State v. Greenup, 30 Mo. App. 299, 303; Goddard v. State, 73 Neb. 739.

For the reasons indicated, the judgment of the Municipal Court is reversed and the cause remanded.

*Reversed and remanded.*