## The People of the State of Illinois, Defendant in Error, v. William J. McBeth, Plaintiff in Error.

### Gen. No. 18,197.

Husband and wife—*abandonment.* A finding that defendant is guilty of wife abandonment and failure to provide as charged in an information in the language of the statute (Hurd's Revised Stats. Chap. 68, § 24) should be reversed where it appears from the evidence and from statements of the prosecuting witness that the husband was always willing to return, but that she would not permit it, and that he gave her $5 a week for food and clothing and gave her $50 before leaving for a week, and that she during that time collected the receipts from his saloon amounting to $75 or $100, and that on his return she threw his clothes to him and would not let him in.

Error to the Municipal Court of Chicago; the Hon. Charles N. Goodnow, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Reversed. Opinion filed October 3, 1912.

Herren & Aspern, for plaintiff in error.

No appearance for defendant in error.

Mr. Justice McSurely delivered the opinion of the court.

This is a prosecution upon a charge of wife abandonment and failure to provide for her support, under section 24 of chapter 68, Hurd's Revised Statutes. The case was tried by the court, who found the defendant guilty in manner and form as charged in the information. The information charges in the language of the statute that the defendant "did without good cause abandon and neglect and refuse to maintain and provide for his said wife." It is argued that the evidence does not support the charge of wife abandonment.

On October 16, 1911, Sophia McBeth the prosecuting witness, testified that her husband kept a saloon at

Belden and Marshfield avenues; that they were married in 1893, and lived together in rooms at Halsted street and Belden avenue; that in September, 1911, about five weeks before the trial, he came home early in the morning; that she asked him for some money and he gave her $50 and left her that night; that before that he had been paying her $5 a week for clothing and meals; that he would get drunk and would abuse her. After he left she took charge of the saloon and collected the receipts for a week, amounting to $75 or $100; that her husband then returned and tried to resume charge of the saloon, but that she would not permit him to go behind the bar; that he tried to strike her and she called up the police and had him arrested for cruelty; that shortly afterward he returned to the place where they roomed, but she would not let him in the house and threw his clothes to him through the transom. She also says that she had left her husband about three months before and stayed away six weeks; that she had left him a good many times since they were married; that he went with another woman, and that she was afraid of him "because he was a brute;" that she had started divorce proceedings twice, but did not know whether or not the divorce proceedings were still pending.

The following questions were put to the witness by the attorney for the people, and the following answers made:

"Q. How many times did he leave you?

"A. Never; it was me that left him.

"Q. How about this last time?

"A. He left me, but he was willing to return, but I wouldn't permit it."

We think it is at once evident that while plaintiff in error may have been guilty of reprehensible conduct towards his wife, he cannot be said from the evidence to have been guilty of wilfully abandoning her and failing to provide for her support. During the time he was away on his drunken spree she was receiving all

the profits from his business. The relations of the couple were certainly not harmonious, but we cannot avoid the conclusion that the wife was not properly advised in seeking relief from her alleged wrongs by filing the charge which was filed in this case. The evidence does not support the finding of the trial court. Virtue v. People, 122 Ill. App. 223; also People v. Peterson, 172 Ill. App. 287.

The court finds that the defendant was not guilty in the form and manner as charged in the information filed in this case, and the cause will therefore be reversed.

*Reversed.*