(No. 26555.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* STANLEY HOFFMAN, Plaintiff in Error.

*Opinion filed March 17, 1942.*

GEORGE B. HOLMES, (JAY J. McCARTHY, of counsel,) for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, of counsel,) for the People.

Mr. JUSTICE SMITH delivered the opinion of the court:

Plaintiff in error was indicted by the grand jury of Cook county on three counts. Two of the counts charged

him with the crime of burglary. By the third count he was charged with the offense of malicious mischief. He pleaded not guilty, signed a jury waiver and the cause was tried by the court without the intervention of a jury. The court found him guilty of burglary and sentenced him to the penitentiary under the Indeterminate Sentence act. The advisory recommendation incorporated in the judgment was that the minimum term of imprisonment should be two years and the maximum term five years.

A reading of the transcript of the record discloses that when the jury waiver was signed, the assistant State's Attorney announced that most, if not all, of the witnesses for the prosecution were absent. Some conversation then ensued between the assistant State's Attorney and counsel for plaintiff in error, in which the assistant State's Attorney suggested that he did not object to the case being continued. Counsel for plaintiff in error replied that he had just been retained in the case on the afternoon of the day before, but was not asking for a continuance—that he just wanted to talk to his client. Then followed some conversation between the assistant State's Attorney and a police officer who was present in court. It is impossible to tell from the reading of the record where the trial actually began and concluded. The whole procedure consisted of a running conversation between the assistant State's Attorney and the police officer, the court and counsel for the defendant.

After the judgment of conviction was entered, plaintiff in error employed other counsel who have prosecuted a writ of error from this court to review the judgment. Numerous alleged errors are urged for reversal. In the view we take of the case, however, it will not be necessary to consider the errors assigned separately, or in detail. One of the contentions made by plaintiff in error in this court is that the record does not show that a jury trial was expressly and understandingly waived.

The right of trial by jury in felony cases was, for many years, regarded as so sacred that it could not be waived by the defendant. Section 5 of the Bill of Rights provides, "The right of trial by jury as heretofore enjoyed, shall remain inviolate." For more than sixty years that provision of the constitution was construed by this court as prohibiting a defendant in felony cases from waiving a trial by jury. (*Paulsen* v. *People,* 195 Ill. 507; *Brewster* v. *People,* 183 id. 143; *Morgan* v. *People,* 136 id. 161; *Harris* v. *People,* 128 id. 585.) It is a matter of common knowledge that all suggestions for a change of that construction of the constitution provoked serious debate and great divergence of opinion by the courts and among lawyers generally.

In the case of *People* v. *Fisher,* 340 Ill. 250, decided in 1930, this court reviewed the right of trial by jury as it existed at common law and as guaranteed by the constitution, together with all prior decisions of the court on the subject. The conclusion was there reached that what the constitution guaranteed to a defendant was the right to a trial by jury, but that it was a right which he could waive. In order to reach that conclusion, it was necessary for the court to expressly overrule all of its prior decisions on the subject adopted subsequent to the constitution of 1870. We have no fault to find with the decision in that case. Nevertheless, it was generally regarded as a radical innovation and a definite departure from the settled and established rules of criminal jurisprudence in this State. The construction of the constitution there reached did not take away any rights guaranteed either by section 5 or section 9 of the Bill of Rights. Section 9 guarantees to every person charged with crime "a speedy public trial by an impartial jury." That decision did not take away any of these rights. Its only effect was to hold that while the right of trial by jury was inviolate and could not be waived or denied without the consent of the defendant, it was a right

which he could waive; that by such waiver he could, at his election, substitute a trial by the court instead of trial by jury. The conclusion of the court in this respect was carefully safeguarded with the injunction that "Upon the trial court is imposed the duty to see that an accused person's election to forego such a trial [by jury] is not only expressly but also understandingly made." The substitution of the court in the place and stead of the jury to try the issues in a criminal case does not take away, or in any sense, minimize the constitutional guaranty of a trial by an impartial tribunal. The right to a trial by an impartial judge where a jury is waived is equally guaranteed and safeguarded by the constitution.

No one can read the record in the case without entertaining a serious doubt as to whether the election of plaintiff in error to forego a jury trial was expressly and understandingly made, or that such waiver was not made as a result of a well-founded hope, if not a promise, that he would not be convicted of a felony. Neither do we believe that anyone can read the record without reaching the conclusion that plaintiff in error did not have that fair and impartial trial guaranteed to him by the Bill of Rights.

The trial was not conducted according to any recognized rules of procedure in criminal cases. Plaintiff in error was tried not on evidence heard or stipulated facts. He was tried on an informal conversation between the assistant State's Attorney and a police officer in the presence of the court, in which plaintiff in error and his counsel had practically no part. The attorney representing plaintiff in error was inexcusably derelict in his duties to his client. He was either indifferent or oblivious to the manner in which the trial was conducted, and unconcerned as to its result.

No witnesses were examined on the hearing. The assistant State's Attorney started out to dictate a stipulation of facts in open court. But what started out to be a stipulation of facts, degenerated into an informal con-

versation between the assistant State's Attorney and the police officer. This officer, so far as the record shows, was not sworn. Practically all of the so-called facts appearing in the record are contained in this informal conversation, most of which was hearsay and consisted of a recital of a conversation between the officer in court and another officer who was not present in court. There was no claim that plaintiff in error was present at the time of the conversation between the two officers. This conversation was mostly incompetent. It was wholly insufficient to lawfully establish the guilt of plaintiff in error beyond a reasonable doubt. The silent acquiescence of the attorney appearing for plaintiff in error in this unusual proceeding cannot be excused. It can only be minimized upon the assumption, which the record indicates, that he had an understanding that plaintiff in error was to be found guilty of a misdemeanor only and that the felony count was to be withdrawn in consideration of his consenting to these informalities in the trial.

The trial of a person on a felony charge is not an informal matter and should not be so treated; it is a serious inquisition and should be conducted in accordance with the rules of the court and in keeping with its dignity. Whether there was such agreement as would justify the lack of alertness on the part of counsel for the defendant, the result was the same. For this disregard of established rules, the assistant State's Attorney was equally to blame.

The right of a person accused of crime to a fair and impartial trial, according to the recognized rules of law and procedure, and to be represented by counsel, is not a mere formality but is a substantial part of the law of the land. *People* v. *Nitti,* 312 Ill. 73; *People* v. *Gardiner,* 303 id. 204.

A defendant in a criminal case who waives a trial by jury and submits his rights and liberty to the trial judge

is entitled to the same fair, patient, kindly and impartial consideration he would expect and be entitled to by a jury composed of fair, impartial, careful and considerate jurors. Any less careful investigation would violate his constitutional rights. Formalities constructed by recognized rules for the protection of those rights are substantial and indispensable. They cannot be ignored if an orderly system of jurisprudence is to be maintained. Delusive interests of haste should not be permitted to obscure substantial requirements of orderly procedure. *Duke Power Co.* v. *Greenwood Co.* 299 U. S. 259, 57 S. C. 202.

For the errors above indicated, we are of the opinion that plaintiff in error did not have a fair and impartial trial conducted in accordance with the rights guaranteed to him by the constitution. The judgment of the criminal court of Cook county is reversed and the cause is remanded to that court for a new trial.

*Reversed and remanded.*