**People of the State of Illinois, Defendant in Error, v. Albert T. Garnier, Plaintiff in Error.**

**Gen. No. 47,622.**

First District, Second Division.
February 17, 1959.
Rehearing denied March 20, 1959.
Released for publication March 20, 1959.

Warren K. Henning, of Chicago, for plaintiff-in-error.

Benjamin S. Adamowski, State's Attorney (Francis X. Riley, Assistant State's Attorney, of counsel) for defendant-in-error.

PRESIDING JUSTICE LEWE delivered the opinion of the court.

Defendant was charged with driving a motor vehicle while under the influence of intoxicating liquor in violation of section 47 of the Uniform Act Regulating Traffic, Ill. Rev. Stat. 1957, ch. 95½, § 144. Upon a plea of not guilty and waiver of a jury, the court found defendant guilty and assessed a fine of $106 and ordered that his driver's license be revoked for one year. Defendant appeals.

Defendant contends that the evidence was insufficient to show that he was driving and therefore he was not proved guilty beyond a reasonable doubt.

The evidence produced by the State shows that defendant was arrested for illegal parking and taken to the police station. The arresting officer testified that the defendant had the odor of liquor on his breath when arrested; that his face was pale, his clothes disarranged, his attitude excited and indifferent, his eyes were bloodshot, pupils dilated, balance

wobbling, walk and turning were stumbling and swaying, picking up coins slow, and speech slurred. Defendant's breathilizer test read .180 and in the officer's opinion defendant was under the influence of intoxicating liquor. Defendant testified that he had been drinking for about eight hours and that he felt capable of driving a car. He did not explain how his car got from the Blue Note, located at 3 North Clark Street, where he had spent eight hours drinking to the place of arrest, 4300 South Michigan Avenue, over 40 blocks away.

██ Breathilizer tests are admissible evidence of intoxication in Illinois. People v. Bobczyk, 343 Ill. App. 504. The evidence here justifies the inference of defendant's intoxication and in fact defendant does not seem to object to this conclusion. Rather, he argues that since no one observed him operating the car the conviction cannot be sustained. However, as this court has previously stated, observation of defendant in the act of driving while intoxicated is not an indispensable requirement for conviction under section 47 of the Traffic Act. People v. Falkenberg, 5 Ill.App.2d 578. Other states have approached the problem in a similar manner and reached the same conclusion. See State v. Hazen, 176 Kan. 594, 272 P.2d 1117; State v. Baumgartner, 21 N. J. Super. 348, 91 A.2d 222. It should be noted that circumstantial evidence alone was held sufficient to support a verdict of guilty in the Hazen case. The defendant in the Falkenberg case was found asleep in his parked car in a vacant lot and offered the defense of alibi, that someone else was driving the car, but the conviction was upheld. Here the facts give a much stronger indication that defendant was driving. It would be most unreasonable to assume defendant did not drive his car after hearing him testify that he felt capable of driving, and finding him in the car a short time after he left the Blue Note

494

and headed in the direction of home. Then, too, he never denied driving.

 Generally, circumstantial evidence which produces a reasonable and moral certainty that the accused committed the crime is sufficient to justify a conviction. People v. Magnafichi, 9 Ill.2d 169. The test as set out in the Falkenberg case is "whether the whole evidence proves that the crime was committed and that the accused committed it." We think the uncontradicted evidence here satisfies the test and justifies the court's decision. In our opinion defendant was proved guilty beyond a reasonable doubt and this rule is the same "whether they [the crimes] be felonies or be misdemeanors." Stanley v. People, 104 Ill. App. 294, 295.

The conviction is affirmed.

Affirmed.

MURPHY, J., concurring.

KILEY, J., dissenting.

I dissent. This is a criminal case, and in my opinion the State did not meet its burden of proving that defendant had driven while intoxicated. There was proof of his intoxication when arrested where he was illegally parked at 4300 S. Michigan, headed in the direction of his home in Crown Point, Indiana. There is no proof of how his car got from the Blue Note to where it was found, and in my opinion his statement that he felt "capable" of driving a car after he had "all of that" is not sufficient basis for an inference that he drove it to where it was found. He was not required to "explain" how his car got to where it was. It was the State's burden to make this proof by sufficient circumstances inconsistent with any hypothesis of innocence, State v. Hall, 271 Wis. 450, 73 N.W.2d 585.

None of the cases relied on in the majority opinion, nor discovered in research, goes as far as that opinion goes. In the Falkenberg case (5 Ill.App.2d 578) the defendant admitted that he had "just hit a car," in addition to other incriminating circumstances. In the Hazen case (272 P.2d 1117) defendant was not only found sitting behind the wheel, but there was evidence that in the presence of police officers he started the car and backed it up a few feet. In the Baumgartner case (91 A.2d 222) there was evidence that the headlights and ignition were on and the defendant was sitting behind the steering wheel with his right arm through the spokes.

In the instant case defendant did not admit that he had driven the car, as in Falkenberg, and his affirmative answer to the court's question whether he felt "capable" of doing so is not such an admission. In this case there is no evidence, as in Hazen, that the defendant drove the car in the presence of the officers. And finally there is no evidence that the headlights and ignition were on and defendant behind the steering wheel, as in Baumgartner.

In 1955 the Wisconsin Supreme Court, in a 5 to 2 opinion (State v. Hall, 271 Wis. 450, 73 N.W.2d 585), reversed a conviction for "operating" an automobile while intoxicated. The defendant there was arrested at night while illegally parked, sitting intoxicated on the passenger side, headlights on and motor running. The factual situation there was similar to that in the instant case, except for two facts; the defendant there did not testify and there was testimony that he had been drinking "earlier in the evening" with a friend. The Wisconsin court thought that the State's proof did not exclude hypotheses consistent with defendant's innocence, as that the defendant's drinking friend drove the car to where it was found.

There was no testimony of a drinking friend in the instant case, who might have driven, to furnish that innocent hypothesis for the defendant. On the other hand, there is no evidence here of headlights burning or motor running. And there is testimony that two hours and twenty minutes elapsed between the Blue Note and 4300 S. Michigan, a distance of about five miles. The Wisconsin court said it could reasonably be inferred that the defendant there was incapable of having driven. The same could be true in the instant case, where the defendant seems to have been as intoxicated as the Wisconsin defendant, despite what our defendant said at the forenoon trial about how he "felt" concerning his capabilities when he was intoxicated the night before. But if "capable" of driving to get where he was when arrested, defendant had ample time to move over to the passenger side and drink himself into the state in which he was found, or to have gone to a tavern to drink himself into that state.

The hypotheses I pose are not excluded from the State's proof. They are no less reasonable than the hypothesis of the Wisconsin Supreme Court that the driver might have been the "friend" the defendant there had been seen drinking with prior to the time he was found. The question is not which hypothesis of many justified on the evidence, holds more, or most, probability. The question is whether all reasonable hypotheses but the one of guilt have been excluded by the evidence. I think they have not.

So much for the merits of the case.

Defendant has not complained here of the trial itself. He had no attorney, wanted to go ahead with the case and do whatever the judge thought best. The State's only witness was the policeman who arrested defendant. He testified merely to the defendant's illegal parking and intoxication. There was no defini-

tive procedural break between the State's case and the defense, except the judge's question whether defendant wanted to ask the police officer any questions. A colloquy then began with the judge asking defendant questions and without swearing defendant as a witness. It was in this colloquy defendant gave the answer which resulted in his conviction: "The Court: Did you feel you were capable of driving a car after you had all of that? Answer: Yes, sir."

Defendant apparently did not know that at the close of the State's case he had not been proven guilty. He was not told that he had the right not to answer the questions. It would have been proper for the judge to tell defendant of his right (State v. Lloyd, 152 Wis. 24, 139 N. W. 514, 517), and it "is certainly consistent with a just administration of the law" (Emery v. State, 101 Wis. 627, 78 N. W. 145, 152). And under some circumstances, such as duress or if a defendant is not of average intelligence, the judge has a duty to do so (Lloyd v. State, Emery v. State). If defendant had inquired about this right, the judge would have had a duty to tell him (Bolen v. People, 184 Ill. 338).

It seems to me we should all keep these rules in mind, because, in courts like the traffic court, beset with crowded calendars and courtrooms, there is danger of unfairness, which could be as prejudicial in misdemeanor cases as the Supreme Court found the procedure to be in a felony case (People v. Hoffman, 379 Ill. 318).