## ROSS *v.* STATE.

### Opinion delivered December 6, 1909.

1. CRIMINAL LAW—PROOF OF OTHER CRIMES.—Where there is a question as to whether an act alleged to be a crime was committed by accident or mistake, or intentionally and with bad motive, the fact that similar acts were done by the defendant at other times is admissible because it shows design. (Page 482.)

2. SAME—PRESUMPTION OF INNOCENCE—INSTRUCTION.—It was not error to refuse to instruct the jury that "the fact that an indictment was returned against the defendant in this case raises no presumption as to his guilt" where the court had charged that "the defendant in this case is presumed to be innocent of the charges in the indictment, which presumption prevails until overcome by testimony convincing you beyond reasonable doubt of his guilt." (Page 483.)

Appeal from Lonoke Circuit Court; *Eugene Lankford,* Judge; affirmed.

*Geo. M. Chapline,* for appellant.

Evidence of the commission of other crimes, though similar, is inadmissible. 54 Ark. 626.

*Hal L. Norwood, Attorney General,* and *C. A. Cunningham,* Assistant, for appellee.

Evidence of other crimes is admissible when so connected that it appears that defendant had a common purpose in all. 56 Ark. 284; 109 Mass. 457; 18 N. Y. 589; 58 Vt. 315. Whatever tends to prove a man guilty of the crime charged may be given in evidence, though it also tends to show he has committed other crimes. 72 Ark. 598. Bish. New. Crim. Prac. 1123; Clark's Crim. Prac. 517; 75 Ark. 433. It is not error to refuse an instruction on a proposition already covered by others. 45 Ark. 544.

BATTLE, J. A grand jury of Lonoke County, at the August, 1909, term of the Lonoke Circuit Court, returned an indictment against George Ross. It contained two counts. In one it charged him with unlawfully stealing, taking and carrying away, on the 16th day of April, 1909, in the county of Lonoke, four dollars and fifty cents in United States money, of the property of A. Hamberg & Sons. In the other count it charged him with embezzling, at the same time and place, four dollars and

fifty cents, in United States money, of the property of A. Hamberg & Sons. He pleaded not guilty. The jury in the case found him guilty, and assessed his punishment at a fine of ten dollars and imprisonment in jail for one hour. Judgment was rendered accordingly, and from that judgment he appealed to this court.

We do not deem it necessary to set out the evidence adduced in the trial, which was conflicting. It is not for us to decide whether the defendant was guilty of the charge, but was the evidence legally sufficient to sustain the verdict? Without discussing it, it is sufficient to say it was.

Evidence was adduced tending to prove that Ross was a clerk employed by A. Hamberg & Sons to sell goods at their store in Lonoke; that they required their clerks to make out tickets in duplicate, when they sold goods, showing goods sold and by and to whom, and the amount for which the same was sold, and to give the purchaser one of the duplicates and to deposit the other in a drawer provided for that purpose in the store. That, a short while previous to the time when Ross was charged with stealing and embezzling the four dollars and fifty cents, goods were sold on one day by their clerks for cash amounting to $19.00, and only $8.75 was paid in or accounted for; that at that time Ross sold goods to one Banks and received from him more than five dollars for the same, for which he did not deposit a ticket or account. Defendant moved to exclude this evidence, and the court denied his motion.

A short time after he was accused of stealing or embezzling the money Ross left the State and wrote a letter to one Miller in which he said his reason for leaving was that he had a telegram saying his father was ill. He testified in his own behalf, and said he had no such telegram, but knew his father was not well. The letter was read as evidence. He likewise moved to exclude it, and his motion was denied.

Where there is a question as to whether or not an act alleged to be a crime was committed by accident or mistake, or intentionally and with bad motive, the fact that similar acts were done by the defendant is admissible, because it shows design. In the case at bar the defendant sold goods for A. Hamberg & Sons, received the purchase money, and failed to deposit

ticket as required and the purchase money, and when asked about it denied selling, but when confronted by the purchasers said he had sold the goods and placed the purchase money in the drawer kept for that purpose. The evidence as to the sale to Banks tended to prove this failure was intentional, and not due to any mistake or careless omission, which he corrected when reminded of his failure, and was admissible for that purpose. *Howard* v. *State*, 72 Ark. 586; *Johnson* v. *State*, 75 Ark. 427; *Woodward* v. *State*, 84 Ark. 119.

The appellant complains because the court did not instruct the jury at his request, as follows: "The fact that an indictment was returned against the defendant in this case raises no presumption as to his guilt." But it was covered by an instruction given by the court in which the court told the jury: "The defendant in this case is presumed to be innocent of the charges in the indictment, which presumption prevails until overcome by testimony convincing you beyond reasonable doubt of his guilt."

Finding no reversible error in the proceedings of the trial court, its judgment is affirmed.