THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
*v.* PHEBE RYAN, Appellant.

**Crimes — blackmail — when proper to show that about same time defendant had sent similar letters to others — intent to extort or gain money a material part of offense — erroneous charge — testimony that store of witness burned two weeks after he received similar letter incompetent.**

1. Upon trial of an indictment charging blackmail in that defendant had forwarded through the United States mail a letter threatening to do injury to the person addressed intending thereby to extort or gain from him a sum of money, it was proper for the prosecution to show that about the same time defendant had sent letters of a similar nature to others.

2. It was error, however, for the court to charge that " if the testimony shows that the defendant wrote this letter then the crime as defined by the statute will have been made out and the defendant would be liable for the crime of blackmail." Intent to extort or gain money or property was a very material part of the offense without which there would be no crime of blackmail.

3. Testimony that two weeks after a witness had received a letter of similar import his store burned was clearly incompetent, where there was no attempt to connect the burning of the store with the defendant, and that defendant had anything to do with it was a mere guess.

*People* v. *Ryan*, 192 App. Div. 930, reversed.

(Argued October 31, 1921; decided December 13, 1921.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered May 14, 1920, which affirmed a judgment of the Greene County Court rendered upon a verdict convicting the defendant of the crime of blackmail.

*William D. Brinnier* for appellant. The trial court erred in admitting evidence as to the commission of other alleged crimes and as to other immaterial transactions to the great prejudice and injury of the defendant

in the minds of the jury. (*People* v. *Van Aken*, 217 N. Y. 532; *People* v. *Follette*, 164 App. Div. 272.)

*Harrie McK. Curtis, District Attorney,* for respondent. The court did not err in admitting evidence as to the commission of other crimes of similar nature, as they were a part of a common scheme or plan embracing the commission of two or more crimes. (*People* v. *Molineux*, 168 N. Y. 264; 1 Wigmore on Ev. § 352; *People* v. *Weinsiemer*, 117 App. Div. 603.)

CRANE, J. The defendant was convicted of the crime of blackmail at a Trial Term of the County Court held in and for Greene county on the 12th day of December, 1918, and sentenced to the state prison for women at Auburn for a period not exceeding five years and four months and not less than one year and ten months. The Appellate Division has affirmed the conviction by a divided court.

The indictment charged the defendant with having caused to be forwarded through the United States mails on the 21st day of July, 1917, a letter addressed to J. B. Myers threatening to do injury to him, to wit, to burn his building, intending thereby to extort or gain from him the sum of $500.

Phebe Ryan is a woman of sixty-five years of age who resided with her husband and children at Haines Falls, Greene county, New York. She is the mother of fourteen children, twelve of whom are living, the youngest, at the time of the trial being eight years old.

The letter which she is charged with having sent came in an envelope addressed " Myers' Store " and reads as follows:

" MR. MYERS:

" If you don't leave $500 a stone pillar of church wall your place will go up in smoke soon. We intend to get three of you this year. Last year we let it pass but this we intend business sure. We are close by,

" COMMITTEE C. K. F."

Mr. Myers, with whom the defendant and her family traded, had refused her more credit, insisting upon cash payments for goods purchased.

Mr. Hallenbeck, another resident of Haines Falls, conducted the coal and lumber business and had extended credit to the defendant and her family. When credit was stopped he too received in July the same year a similar letter making like threats of destruction unless $500 was left at his back door. Similar testimony was given by a man named Lawrence Schoonmaker, who conducted a grocery store in Haines Falls. Having stopped credit, he received a like note in the same month demanding money. There was testimony sufficient to prove that these notes had been written by the defendant.

Section 856 of the Penal Law (Cons. Laws, ch. 40) defines blackmail as follows:

"A person who, knowing the contents thereof, and with intent, by means thereof, to extort or gain any money or other property, or to do, abet, or procure any illegal or wrongful act, sends, delivers, or in any manner causes to be forwarded or received, or makes and parts with for the purpose that there may be sent or delivered, any letter or writing, threatening  *  *  *  2. To do any injury to any person or to any property,  *  *  *  is punishable by imprisonment for not more than fifteen years."

We think it was competent in order for the prosecution to prove that the defendant had sent this letter to Mr. Myers to show that about the same time she had sent other letters of similar nature to other. storekeepers. Such evidence also was competent as bearing upon her intent in sending them. (*People* v. *Molineux*, 168 N. Y. 264.)

The intent was a very material part of the offense. Unless the letter were forwarded with an intent to extort or gain money or property no crime was made out. If it were simply the foolish act of an elderly woman moved

1921.]                Opinion, per CRANE, J.           [232 N. Y. 234]

by anger, spite or revenge, without any intent whatever to procure or extort money there would be no crime of blackmail. The court erroneously charged the jury as follows: " If the testimony shows that the defendant wrote this letter then the crime as defined by the statute will have been made out and the defendant would be liable for the crime of blackmail."

The court left out the element of intent to extort or gain money or property. Although no exception was taken we mention this as showing the procedure at the trial and as emphasizing the importance of any exceptions that were taken.

While it was proper for the district attorney to prove the sending of the letter to Mr. Myers, the delivery of similar letters to other storekeepers about the same time, yet we think that the evidence went too far when it was shown that Mr. Schoonmaker's store at Haines Falls actually burned about sixteen days after the receipt of his letter. The indictment charged the defendant with sending the letter above quoted to J. P. Myers of Haines Falls. Lawrence Schoonmaker, a grocer at Haines Falls, had testified that after he had stopped the defendant's credit he received a letter which read as follows: " If you don't put $200 under stone at the corner of bridge below your store it will go hard with you and you will be a loser of more if not your life beside to save trouble and life it is up to you. It means we are after you."

It will be noted that the letter in the indictment threatened to burn Mr. Myers' store. The letter to Schoonmaker contains no such threat. The witness said that this letter was found under the front store door about the 20th of July, 1917, and that his store at Haines Falls burned down on Sunday night, the 6th of August, or sixteen days thereafter. This testimony was introduced as follows: " Q. And your store has been burned up since, hasn't it? A. Yes. Q. And have your records been all destroyed? A. Yes. Mr. Brinnier: Objected to

as immaterial and improper. By the Court: I will receive it. [Objection overruled. Exception.] "

Later the following question was asked: " Q. When did your store at Haines Falls burn? Mr. Brinnier: Objected to as immaterial, irrelevant, incompetent and improper, inadmissible. [Objection overruled. Exception.] A. On Sunday night of July 6th, I think; of August 6th, I would say."

We think that this testimony was clearly incompetent as there is no attempt whatever to connect the burning of the store with the defendant. In fact it was not offered for this purpose. She is charged with having sent a letter to Mr. Myers threatening to damage his property unless he paid her the money which she intended to extort. Another storekeeper testified to having received a letter of similar import. The fact that his store burned about two weeks thereafter has no bearing upon the question whatever. What caused the store to burn is not stated. Whether due to accident or an incendiary is not intimated. That the defendant had anything to do with it is a mere guess.

Such testimony was extremely damaging to the defendant, and tends to hold her liable for an offense not charged and with which she may have had nothing to do. She had threatened to burn Myers' store and she made a threat of injury to Schoonmaker. A jury might naturally jump at the conclusion that a fire occurring thereafter in the building of either of these men was caused by the person uttering the wild threat, but the threat alone would not justify such a finding.

For this reason the judgment of conviction must be reversed and a new trial granted.

HISCOCK, Ch. J., HOGAN, POUND, McLAUGHLIN and ANDREWS, JJ., concur; CARDOZO, J., concurs in result.

Judgment of conviction reversed, etc.