THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROBERT O. ROGERS, Plaintiff in Error.

*Opinion filed December 23, 1926—Rehearing denied Feb. 4, 1927.*

1. CRIMINAL LAW—*crime of taking indecent liberties may be charged as in statute—bill of particulars.* An indictment charging the taking of indecent liberties is sufficient if substantially in the language of the statute, and where the defendant has asked for a bill of particulars as to the time and place and the acts complained of, and the prosecution files a bill of particulars stating the time and place but not mentioning the particular acts, the defendant is at liberty to demand a more specific bill of particulars, and where he does not do so he cannot complain in the Supreme Court that the trial court should have required the State to furnish a more specific bill of particulars.

2. SAME—*general rule as to when evidence of other offenses is proper.* As a general rule, evidence of a distinct, substantive offense cannot be admitted in support of the offense charged, but other offenses may be shown to establish the relations of the parties, to prove intent or guilty knowledge, to show motive, or to prove the identity or whereabouts of the accused in case of alibi.

3. SAME—*other offenses not competent to prove habit or predisposition to crime.* Any testimony which tends to prove that the accused did the act charged against him is competent, but it is not competent to prove a habit or predisposition of the accused or to introduce evidence of another crime on the ground that proof of such crime shows the probability that he committed the crime charged in the indictment.

4. SAME—*other offenses not admissible to prove taking of indecent liberties.* While proof of acts of indecent liberties with the prosecutrix both before and after the offense charged in the indictment would be competent, it is not proper in such a prosecution to show the taking of indecent liberties with other parties at other times and places.

5. SAME—*what is improper cross-examination of a defendant.* In cross-examining a defendant the State's counsel should not ask improper questions for the purpose of prejudicing the witness in the minds of the jury, and in a prosecution for taking indecent liberties it is not proper to ask the defendant, on cross-examination, whether he had not been previously indicted and whether he had not at one time lost a respectable position on account of similar misconduct.

6. SAME—*what are not proper instructions as to reasonable doubt.* It is error to instruct the jury that the reasonable doubt they are required to entertain must be as to the whole evidence and not as to any particular fact and that they are not required to be satisfied beyond a reasonable doubt of each link in the chain of circumstances relied upon to establish guilt.

7. SAME—*what instruction as to credibility of defendant's testimony is improper.* It is improper to instruct the jury that they are not bound to believe the defendant's testimony but should give it such weight as they believe it is entitled to and may consider the defendant's interest in the result of the trial in determining what weight shall be given his testimony.

8. SAME—*the jury should not be instructed that previous good character is not a defense.* Where the defendant has introduced evidence of his good reputation the jury should not be instructed that previous good character is not a defense.

9. SAME—*an instruction should not attempt to define reasonable doubt.* The term "reasonable doubt" needs no definition, and it is error to give an instruction attempting to define the term but resulting only in an elaboration of it.

10. SAME—*when evidence of other crimes is not admissible to show intent.* Where guilty knowledge or intent is not an essential element or where such knowledge or intent appears from the commission of the act charged, evidence of other distinct, substantive offenses, though similar in character, is not admissible.

THOMPSON, FARMER and DUNN, JJ., dissenting.

WRIT OF ERROR to the Circuit Court of Wabash county; the Hon. JULIUS C. KERN, Judge, presiding.

CREIGHTON & THOMAS, and CHARLES H. SCHAFER, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, BEN H. TOWNSEND, State's Attorney, and MERRILL F. WEHMHOFF, for the People.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was convicted in the circuit court of Wabash county of the crime of taking indecent liberties with a female child under the age of fifteen years. The

324—15

indictment consists of two counts. The first charges that plaintiff in error, a person of the age of seventeen years and upwards, "unlawfully and feloniously did take certain immoral, improper and indecent liberties with a female child under the age of fifteen years and of the age of thirteen years, to-wit, Laura May Painter, with intent then and there of arousing, appealing to and gratifying the lusts, passion and sexual desires of him, the said Robert O. Rogers." The second count charges the same offense in slightly different language. When the case was called for trial the plaintiff in error moved to quash the indictment on the ground that it was vague, uncertain and informal, and that he was not advised in what manner he was charged with taking immoral, improper and indecent liberties with Laura May Painter; that he was not by the indictment charged with a crime against the laws of the State, and that the indictment did not set out what constitutes immoral and indecent liberties. The motion to quash was overruled and plaintiff in error's counsel filed a motion for a bill of particulars stating specifically the time and place where such acts were supposed to have taken place with said child, and also stating the acts on the part of plaintiff in error which constituted immoral, improper and indecent liberties, and such other particular facts as would enable him to properly prepare his defense. The motion was allowed and the People filed a bill of particulars reciting: "You are hereby notified that the offenses charged in the indictment in said cause occurred and were committed in the month of August, A. D. 1924, at a woods on the Third street road, on the right-hand fork thereof going out from Little Brick School, beyond the city limits of the city of Mt. Carmel, county of Wabash and State of Illinois." Plaintiff in error did not ask for further bill of particulars and the cause proceeded to trial. He brings the record here, assigning as error the refusal of the court to quash the indictment, the refusal of the court to require the prosecutor to file a bill

of particulars setting forth the acts constituting the alleged immoral, improper and indecent liberties charged in the indictment, and errors in the admission of testimony and in instructions to the jury.

Plaintiff in error at the time the offenses charged in the indictment were alleged to have been committed was pastor of the Christian church at Mt. Carmel, Illinois. He was fifty-two years of age and had been in the active ministry for over thirty years, having had numerous pastoral charges in Tennessee, Arkansas, Missouri, Indiana, Mississippi and Illinois. He had a wife and son living. He devoted his entire time to church duties. The prosecutrix, Laura May Painter, was thirteen years of age on August 25, 1924. She testified that during the month of August, a short time before her thirteenth birthday, she, with Blanche Barksdale, met plaintiff in error on the streets of Mt. Carmel; that he invited them to take a ride; that on his invitation they got into his automobile and he took them to the store of the mother of the Barksdale girl, which was near the home of the prosecutrix. The girls had been at the home of Mrs. Seitz for the purpose of taking music lessons, and upon alighting from the automobile at the Barksdale store the prosecutrix took her music books to her home and the Barksdale girl took her books into the store. The prosecutrix returned before the Barksdale girl came out of the store and plaintiff in error told her that Blanche was not going. The prosecutrix testified that she got into the car with plaintiff in error and they drove west on Third street to the forks of the road, where they turned to the right near the Little Brick Schoolhouse and drove into the woods on the right-hand side of the road to a point where the car could not be seen from the road. She testified that plaintiff in error made no statement as to why he was driving into the woods and on the way out had his arm around her, feeling of her breasts and of her legs on the outside of her dress; that he told her he loved her and

that she was pretty; that after turning the car around in the woods he again felt around her breasts and her legs, got out of the car and walked around to the side on which she was sitting, took out his person and tried to take down her bloomers; that she held them up and would not let him pull them down; that he said nothing, and, being unable to get her bloomers down, got into the car and drove her home.

Blanche Barksdale testified that she and the prosecutrix took their music lessons that morning at Mrs. Seitz's and on their way home met plaintiff in error, who invited them to go with him for a ride; that when they got to the Barksdale store both girls got out, and that when she (Blanche) came out of the store later the car was gone. Mrs. Edna Barksdale, mother of Blanche, testified that she saw plaintiff in error bring her daughter home and saw him leave with the prosecutrix.

Plaintiff in error denied that he took the two girls in his car on the morning mentioned in the testimony of the witnesses for the State, or that he took the prosecutrix out into the woods referred to or had ever taken improper liberties with her in any way. The prosecution called twelve other girls, all under fifteen years of age, who testified, over the objection of plaintiff in error, concerning acts of immoral, improper and indecent liberties taken with them by plaintiff in error at different times and places. This testimony was offered and admitted on the ground that it tended to prove the intent charged in the indictment.

Counsel's first contention is that the indictment was insufficient. The statute under which the indictment was brought, (Smith's Stat. 1925, par. 109, p. 881,) so far as material to the consideration of this cause, provides: "That any person of the age of seventeen years and upwards who shall take, or attempt to take, any immoral, improper or indecent liberties with any child of either sex, under the age of fifteen years, with the intent of arousing, appealing to or gratifying the lust or passions or sex-

ual desires, either of such person or of such child, or of
both such person and such child, or who shall commit, or
attempt to commit, any lewd or lascivious act upon or
with the body, or any part or member thereof, of such
child, with the intent of arousing, appealing to or gratify-
ing the lust or passions or sexual desires, either of such
person or of such child, or of both such person and such
child, * * * shall be imprisoned in the penitentiary not
less than one year nor more than twenty years." The in-
dictment in this case charged the offense substantially in
the language of the statute, but plaintiff in error contends
that it·should have set out the facts constituting the ele-
ments of the crime. The question of the sufficiency of an
indictment similar to this was considered in *People* v. *But-
ler,* 268 Ill. 635, and *People* v. *Scattura,* 238 id. 313, and
it was held that an indictment stating the offense in sub-
stantially the language of the statute is valid. Plaintiff in
error's first contention cannot, therefore, be sustained.

Plaintiff in error's second contention is, that the court
should have required the State to furnish a more specific
bill of particulars concerning the offense charged. As we
have seen, the motion filed by plaintiff in error for that
purpose was allowed and a bill of particulars was filed. If
he was not sufficiently informed by it he was at liberty to
demand a more specific bill of particulars. (*People* v. *De-
pew,* 237 Ill. 574.) He did not, however, make such mo-
tion but went to trial on the bill of particulars furnished
and cannot now complain.

Plaintiff in error also assigns as error the admission of
the testimony of twelve other girls concerning acts of im-
moral, improper and indecent liberties taken with each of
them by plaintiff in error. The rule recognized by courts
generally wherever the common law ·is in force is, that evi-
dence of a distinct, substantive offense cannot be admitted
in support of the offense charged. In *People* v. *Governale,*
193 N. Y. 581, the reason for the general rule is given as

follows: "A person cannot be convicted of an offense upon proof that he committed another, however persuasive in a moral point of view such evidence may be. * * * It would lead to conviction upon the particular charge made by proof of other acts in no way connected with it and to uniting evidence of several to produce a conviction for a single one." This rule rests also on the ground that to the mind of an average person proof that the accused committed a similar offense or one equally heinous in character tends to the belief that he is guilty of the crime charged. (Underhill on Crim. Evidence,—3d ed.—sec. 150.) This author in a note on page 188 cites a very large number of cases from nearly all the States of the Union supporting the general rule. (*People* v. *Hagenow,* 236 Ill. 514; *Addison* v. *People,* 193 id. 405; *Farris* v. *People,* 129 id. 521.) This rule has, however, certain exceptions equally well settled, under which acts in themselves distinct, substantive crimes may be proved to show the relations of the parties, (*People* v. *Gray,* 251 Ill. 431;) intent or guilty knowledge, (*Lipsey* v. *People,* 227 Ill. 364; *People* v. *Seaman,* 107 Mich. 348;) motive, (*People* v. *Zammuto,* 280 Ill. 225; *Farris* v. *People, supra;*) or to prove the identity or whereabouts of the accused in case of alibi. (*People* v. *Mandrell,* 306 Ill. 413.) In those cases in which guilty knowledge or intent is an essential element of the crime charged it is competent to prove other similar offenses tending to show such guilty knowledge for the purpose of showing the same or to prove that the act charged was not accidental or a mistake. (*People* v. *Heffernan,* 312 Ill. 66; 1 Jones on Evidence, sec. 145.) Where such guilty knowledge or intent is not an essential element or where such knowledge or intent appears from the commission of the act charged, evidence of distinct, substantive offenses, though similar in character, tends only to cumulate the number of crimes charged and cannot be said to come within the exceptions to the rule. The question arising in this case is whether

proof of acts of indecent liberties with other children comes under any of the exceptions to the general rule. The People contend that such evidence was proper for the purpose of proving the specific intent alleged in the indictment.

Counsel have cited no cases of indecent liberties with children, and we are unable to find one, where evidence of separate offenses with other children has been held competent. In *People* v. *Peck*, 314 Ill. 237, separate offenses with the same child are held competent as evidence of intent with which the act charged was done. In *Grabowski* v. *State*, 126 Wis. 447, *People* v. *Harrison*, 112 Pac. (Cal.) 733, and *People* v. *Swift*, 138 N. W. (Mich.) 622, the same rule is laid down. The question here is as to the admissibility of evidence of separate acts of indecent liberties with other children. It has been frequently held in abortion cases that acts occurring before the offense charged in the indictment, where the accused had committed abortions on other persons than the one named in the indictment, may be shown as proof of guilty knowledge and intent, and that, where there is proof of such former acts, proof of abortions committed by the accused subsequent to the act charged in the indictment has been admitted. The ground upon which such proof is competent is that it tends to establish the charge in the indictment. (*People* v. *Hobbs*, 297 Ill. 399; *People* v. *Hagenow, supra; People* v. *Schultz-Knighten*, 277 Ill. 238; *Clark* v. *People*, 224 id. 554; *Scott* v. *People*, 141 id. 195; *Regina* v. *Dale*, 16 Cox's C. C. 703.) Proof that the defendant had in his possession or passed counterfeit bills or coins other than those charged in the indictment has likewise been permitted for the purpose of establishing guilty knowledge, and it is said that an innocent man might readily have in his possession or pass a counterfeit bill or coin, but if it be known that he repeatedly carried and passed spurious bills and coins it would not be reasonable to presume that he did so without knowledge that the money was counterfeit. (*Lipsey* v. *People, supra.*) So in a case

where the defendant was charged with assault with intent to commit rape on a female child under the age of consent, proof of acts of indecent liberties taken by the defendant with the prosecutrix and showing a course of conduct leading up to the assault was held competent for the purpose of showing the relations that existed between the parties and the course of conduct of the defendant leading up to the act complained of. *People* v. *Mason*, 301 Ill. 370.

In *People* v. *Duncan*, 261 Ill. 339, the defendant was charged with statutory rape upon Eva Hamel, a child under the age of consent. Evidence was introduced on the part of the People that the defendant told the prosecutrix "not to tell; to be wise like Gussie Enford, as she never told." It was objected that this was proof of a separate substantive offense and therefore not competent. It was held admissible, however, as part of the *res gestæ* to show the means defendant had used to procure the consent of the prosecutrix and to insure her silence thereafter.

In *People* v. *Gibson*, 255 Ill. 302, the defendant was charged with statutory rape on Ida Cedergren, and the State was permitted to show that Nora Porter, a girl eleven years of age, was present at the time, and that the defendant thereafter, while the prosecutrix in the case was present, committed statutory rape upon Nora. It was there urged on the part of the People that the offense against Nora was a part of the *res gestæ*, but the court held that such could not be said to be so, and that the offense against Nora was a separate and distinct offense and was not competent to be shown on any ground; that it did not in any way explain the offense against Ida or tend to establish the charge of such offense.

In *People* v. *Gray, supra,* the defendant was charged with the crime of statutory rape on Josephine Miles, of the age of fifteen years. Various acts before and after the act charged in the indictment were shown in the evidence. These were held competent as tending to establish the fact

in controversy by showing the relations of the parties. It was however said: "Acts of intercourse between the accused and other parties than the prosecuting witness are not admissible." In the case of *Bolen* v. *People,* 184 Ill. 338, where the charge was incest, proof of acts between the same parties other than the one charged in the indictment was held competent. To the same effect are *Dalton* v. *People,* 224 Ill. 333, and *Janzen* v. *People,* 159 id. 440. The charge in each of these cases was statutory rape.

On reason and authority the rule may be stated to be, that testimony which tends to prove that the accused did the act charged against him may be competent. It is not, however, competent to prove a habit or predisposition of the accused or to introduce evidence of another crime on the ground that proof of such crime shows the probability that he committed the crime charged in the indictment. (*People* v. *Kohn,* 290 Ill. 410; *Williams* v. *People,* 166 id. 132.) While proof of acts of indecent liberties with the prosecutrix both before and after the one charged in the indictment would be competent, (*People* v. *Peck, supra,*) we are unable to see how the testimony concerning indecent liberties with twelve other girls at other times and places can be brought within the exceptions to the rule. Proof of separate and distinct acts of indecent liberties with other children at other times and places would not tend to show guilty knowledge or intent in the act charged. Such was shown by the act itself. It was not necessary, therefore, to prove similar offenses with other children to show guilty knowledge or intent or to show that the act charged was not an accident or mistake. The offense may be more nearly likened to the statutory crime of rape without force, in which the rule is well settled that proof of other distinct offenses committed upon other girls is not competent. It was therefore error to admit this testimony. (*People* v. *Gibson, supra.*) Further extension of the exceptions to the general rule is likely, in a case such as this, to bring

about unjust results. (Underhill on Crim. Evidence, *su-pra.*) The evidence of the prosecutrix was contradicted and the error was strongly prejudicial. For this error the judgment of conviction must be reversed.

As another trial of this cause must be had other errors should be considered. Plaintiff in error complains of improper cross-examination of him. He was asked on cross-examination if he had not been indicted previous to the charge on which he was being tried; if he had not been compelled to leave the church of which he was pastor in Corinth, Mississippi, on account of the same character of conduct; and whether A. E. Smith did not give him a certan anonymous letter concerning his conduct at Corinth. The testimony regarding the anonymous letter appears to have been a volunteer statement on the part of plaintiff in error, but the cross-examination regarding previous indictment and former conduct in Mississippi was not within the scope of proper cross-examination. This court has frequently condemned the practice of the State's counsel asking improper questions apparently for the purpose of prejudicing the witness in the minds of the jury. *People* v. *Black,* 317 Ill. 603; *People* v. *Lewis,* 313 id. 312; *People* v. *Green,* 292 id. 351.

Other objections concerning testimony in the case, touching either that of the twelve girls or in corroboration of their stories, were such as are not likely to occur on another trial.

Various instructions are objected to. Instruction 29 was as follows:

"The court instructs the jury that the rule requiring the jury to be satisfied of the guilt of the defendant from the evidence, beyond a reasonable doubt, in order to warrant a conviction, is complied with, if, taking the testimony all together, the jury are satisfied, beyond a reasonable doubt, that the defendant is guilty. The reasonable doubt that the jury is permitted to entertain must be as to the guilt of the

accused on the whole evidence, and not as to any particular fact in the case not material in the case."

Instruction 30 told the jury that "the court instructs the jury that the rule requiring the jury to be satisfied of a defendant's guilt beyond a reasonable doubt, in order to warrant a conviction, does not require that the jury should be satisfied beyond a reasonable doubt of each link in the chain of circumstances relied upon to establish the defendant's guilt; it is sufficient if, taking the testimony all together, the jury are satisfied beyond a reasonable doubt that the defendant is guilty."

While instruction 29 is not erroneous, instructions similar to instruction 30 have been condemned by this court in *People* v. *Johnson,* 317 Ill. 430, *People* v. *Prall,* 314 id. 518, *People* v. *Mooney,* 303 id. 469, and *People* v. *Davis,* 300 id. 226. These instructions should not have been given.

Instruction 26 given for the People told the jury that "although a defendant has a right to be sworn and give testimony in his own behalf, the jury are not bound to believe his testimony but should give it such weight as they believe it is entitled to; and his credibility and the weight to be attached to his testimony are matters exclusively for the jury and the defendant's interest in the result of the trial is a matter proper to be taken into consideration by the jury in determining what weight ought to be given to his testimony." This instruction so worded had a prejudicial effect upon the testimony of the defendant and should not have been given. *People* v. *Munday,* 280 Ill. 32.

By instruction 28 the jury were told that previous good character is not a defense. A similar instruction was held erroneous in *People* v. *Munday, supra.*

The thirty-third instruction given for the People related to the term "reasonable doubt," and called attention to a variety of so-called doubts as not being reasonable doubts. Court and counsel will do well to heed the advice of this court in many cases in which instructions concern-

ing "reasonable doubt" have been considered. It is a term which needs no definition, and it is erroneous to give instructions resulting in an elaboration of it. *People* v. *Johnson, supra; People* v. *Andrae*, 295 Ill. 445.

Other instructions complained of, and the refusal of plaintiff in error's instructions not referred to here, were either not erroneous or were based on the testimony herein held incompetent and need no further consideration in this opinion. There was no necessity for the large number of instructions tendered in this case. This practice is to be condemned as placing an unnecessary burden on the trial court and tending to confuse, rather than clarify, the issues before the jury.

For the reasons herein given the judgment is reversed and the cause remanded.        *Reversed and remanded.*

THOMPSON, FARMER and DUNN, JJ., dissenting:

Before plaintiff in error could be legally convicted of the charge against him it was necessary for the prosecution to prove not only that he took immoral, improper and indecent liberties with the child, but also that these liberties were taken with the specific intent of arousing, appealing to or gratifying the lust or passion or sexual desires either of himself or of such child, or of both. It is well established by the decisions of this court and the courts of other jurisdictions, that where a specific intent is an essential element of a crime and the prosecution must prove this specific intent in order to secure a legal conviction, evidence of similar acts committed by the accused happening at or about the same time is relevant and competent to show such intent. (*People* v. *Folignos*, 322 Ill. 304; *Schintz* v. *People*, 178 id. 320; *Thomas* v. *People*, 59 id. 160; *Wood* v. *United States*, 16 Pet. 342; *Higgins* v. *State*, 157 Ind. 57, 60 N. E. 585; *People* v. *Seaman*, 107 Mich. 348, 65 N. W. 203; *People* v. *Gray*, 66 Cal. 271, 5 Pac. 240; *Ross* v. *State*, 92 Ark. 481, 123 S. W. 756; *Stanley* v. *State*, 88 Ala. 154, 7 So.

273; *People* v. *Ryan,* 232 N. Y. 234, 133 N. E. 572; *State* v. *Louanis,* 79 Vt. 463, 65 Atl. 532; *State* v. *Lewis,* 96 Iowa, 286, 65 N. W. 295; 1 Wharton on Crim. Evidence,—10th ed.—sec. 35; 4 Chamberlayne on Evidence, sec. 3222-3227.) That evidence offered proves or tends to prove an offense other than the one with which the accused is charged is never a valid objection to its admissibility. (*People* v. *Spaulding,* 309 Ill. 292; *State* v. *Lapage,* 57 N. H. 245, 24 Am. Rep. 69; 1 Wigmore on Evidence,—2d ed.—secs. 216, 305; Roscoe on Crim. Evidence,—6th Am. from 6th London ed.—86.) Where such evidence is offered the same considerations with respect to its admissibility arise as upon the offer of any other evidence. The question is, Is the evidence relevant? Does it tend to prove any fact material to the issue involved? (*People* v. *Spaulding, supra; People* v. *Jennings,* 252 Ill. 534; *People* v. *Tucker,* 104 Cal. 440, 38 Pac. 195; *Commonwealth* v. *Snell,* 189 Mass. 12, 75 N. E. 75.) The test of admissibility of evidence is the connection of the facts proved with the crime charged, and whatever testimony tends directly to show the accused guilty of the crime charged is competent although it tends to show him guilty of another offense. (*People* v. *Cione,* 293 Ill. 321; *Glover* v. *People,* 204 id. 170.) But evidence of other offenses wholly disconnected with the offense charged is not admissible for the reason that it does not tend to establish the fact in controversy. Therefore, in prosecutions for rape, incest and similar crimes, where it is neither necessary to allege nor prove a specific intent in order to secure a legal conviction, proof of collateral offenses is generally inadmissible. .

Evidence of facts which show that the accused has committed offenses similar to the offense charged for the purpose of showing a specific intent or knowledge essential to the establishment of the crime charged has been admitted in prosecutions for threatening by written communication to kill a person with intent thereby to extort money from

him, (*People* v. *Folignos, supra;*) abortion, (*People* v. *Hobbs,* 297 Ill. 399;) forgery, (*People* v. *Dougherty,* 266 Ill. 420;) confidence game, (*People* v. *Shaw,* 300 Ill. 451;) receiving stolen property, (*People* v. *Baskin,* 254 Ill. 509;) and embezzlement. (*People* v. *Duzan,* 272 Ill. 478.) Occasionally the principle which admits proof of facts revealing other crimes is spoken of as though it involved an exception to an otherwise general rule. The truth is, however, that it is itself an illustration of the general principle that all facts affording any reasonable inference as to the act charged are relevant and admissible, including facts showing design, motive, knowledge, intent, or the like, where these matters are in issue or relevant. 1 Taylor on Evidence, (10th ed.) sec. 338; 1 Wigmore on Evidence, (2d ed.) p. 461.