(No. 24295.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM BERNSEE, Plaintiff in Error.

*Opinion filed December 17, 1937.*

JAMES B. CASHIN, and PAUL J. SCHLUNDT, for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and BLAIR L. VARNES, of counsel,) for the People.

Mr. JUSTICE SHAW delivered the opinion of the court:

The defendant, William Bernsee, was convicted of the crime of taking indecent liberties with a female child and by the judgment of the criminal court of Cook county was sentenced to the penitentiary for a term of from one to twenty years. This writ of error questions the fairness of his trial and raises the several questions hereinafter discussed.

The indictment charged the offense to have been committed against one Dolores Zelenko and the conviction is based upon controverted and irreconcilable evidence, as to three material questions,—*i. e.,* as to the commission of the act charged, as to an alibi and as to the good reputation of the defendant. There is a large amount of directly conflicting testimony, and since the case must be tried again, we will not comment on the evidence or its weight.

Over the objections of the defendant, the court permitted the People to introduce in evidence exhibits 2, 3 and 4, which may be succinctly described as revoltingly obscene and lewd literature, one, a series of pictures, another a poem, and another composition in the form of prose. There was evidence tending to show that the wife of the defendant, about four or six weeks prior to. the alleged commission of the offense in question, had shown and read these indecent articles to the complaining witness

and other children. They were of such a revolting character as to be unfit for detailed description in these reports. The fact that the defendant's wife read these articles to the children a month or more prior to the transaction in question can have no possible probative value in this case and their admission in evidence, being read to the jury and passed around among the jurors, was highly prejudicial and, in our opinion, deprived the defendant of any chance for a fair trial on the issue being tried.

The People also offered and were permitted to present evidence tending to prove that at or about the same time the defendant is claimed to have committed the act in question against Dolores Zelenko he also made improper advances toward another girl then present. On the authority of *People* v. *Rogers,* 324 Ill. 224, and *People* v. *Gibson,* 255 id. 302, this evidence should have been rejected. What we said in the case last cited, applies to this one: "The record does not make a case where a court of review can say the competent proof so conclusively shows guilt as to remove all doubt and justify the affirmance of the judgment notwithstanding the error in the admission of the proof referred to."

Since this case must be tried again, it should be pointed out that the evidence offered by the People to rebut the defendant's character witnesses was not sufficient to go to the jury. One witness was a seventh grade school child, who claimed to have known the defendant but seven or eight months and who showed by her answers that she did not know the meaning of "veracity." Another was a witness who could not identify the defendant in court until the judge required him to stand up and she admitted she had known him but two weeks. The third was a Polish woman who claimed to have known the defendant only nine months but said that she did not know the defendant's reputation as to being a peaceable and law abiding citizen. After considerable questioning by the court, it developed

that she spoke little or no English and no interpreter was ever called. The record discloses no competent evidence to rebut the witnesses for the defendant as to his good reputation prior to the indictment in question.

Other errors are urged as to the rejection of evidence and as to instructions, but they are without substance and unimportant.

For those errors which we have indicated the judgment of the criminal court of Cook county is reversed and the cause remanded.

*Reversed and remanded.*