(No. 25854. )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* OLE ANDERSON, Plaintiff in Error.

*Opinion filed December 16, 1940.*

THOMAS J. McCORMICK, for plaintiff in error.

JOHN E. CASSIDY, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was tried and found guilty by a jury in the criminal court of Cook county of the crime of taking indecent liberties with a girl of the age of ten years. He has brought the cause here contending insufficiency of proof, erroneous admission of testimony of other crimes, and prejudicial conduct on the part of the State's attorney.

Plaintiff in error is seventy-four years of age and for a period of eight or ten years prior to his indictment lived with his daughter in the city of Chicago. He also has another daughter who is the stepmother of the complaining witness. He visited this daughter frequently and at times stayed for several days at her home, in a thickly built-up section of the city of Chicago. The house had six rooms, two of which were bedrooms. The bedroom of the parents of the prosecuting witness was separated by a bathroom from the room in which the latter slept with her brother Robert. Plaintiff in error, when in the house, slept on the rear veranda or in the front room.

The evidence of complaining witness is that on the evening of July 25, 1939, she and her brother Robert, nine years old, went to bed about 8:30 or 9:00 o'clock; that between 10:00 and 11:00 o'clock she was awakened by plaintiff in error; that she saw and recognized him by reason of a light shining into the room from the outside whereby she could distinguish his features; that he shook his fist at her and told her not to call anyone; that her brother Robert was in another bed at the time. She testified that he got into bed with her and on top of her, and described in detail his actions; that he remained there about five or ten minutes; that when he got off the bed he again shook his fist at her and left. She testified that she did not tell anyone about it until several weeks later when she and her brother were quarreling in the presence of an aunt. Her brother said he was going to tell her grandmother about it, and complaining witness replied that he need not do so, that she would, and that she then told what had happened.

She further testified, over objection by plaintiff in error, that on January 6, 1939, the day of her brother's birthday, plaintiff in error for the first time "did that" to her; that he had altogether committed the act about six times prior to July 25, 1939. She testified on cross-examination she

did not tell anyone of the circumstances until she told her aunt.

Complaining witness' brother Robert, nine years old, testified to the visits of plaintiff in error to their home about twice a month, and that he had seen him in their bedroom in the nighttime; that the lights were not on but that there was light from the window; that he saw him get into bed with complaining witness; that he saw he had only underwear on, and that he saw him raise his fist when he went out. This witness testified the first time his sister told anyone about it was on his grandmother's farm when she told her aunt. He testified, on cross-examination, that the time to which he referred was prior to July, 1939, but he gave no date.

The defense was a complete denial by plaintiff in error. His son Harvey testified that on the date charged in the indictment his father was with him from about noon until 10:00 o'clock P.M.; that while together they made calls on real estate firms, had dinner together in the evening, and played cribbage until 9:00 or 10:00 o'clock when he took his father to the home of the daughter with whom he lived most of the time. This daughter, Mrs. Isaacson, testified that on the night of July 25, her brother Harvey brought her father home about 10:00 o'clock and that he never stayed as much as three or four nights at her sister's house without coming home. Evidence was given of his previous good reputation.

In rebuttal the daughter of plaintiff in error who is the stepmother of the complaining witness, testified that her father slept at her house each night from June 23 to and including July 27, 1939.

Counsel for plaintiff in error give their analysis of the evidence as supporting their argument that the proof is not of that character required to sustain a conviction; that analysis of the testimony is to show that it was impossible

that the crime occurred as the State's witnesses detailed it, and that it would be impossible to identify the person perpetrating the crime. The facts were for the jury to decide and this court on review will not disturb that finding unless it can say that the proof does not meet the requirements of the law. The evidence of the prosecuting witness was direct and positive as was plaintiff in error's denial. The jury evidently believed the testimony of the prosecuting witness. The testimony of one witness is sufficient, on review, even though the testimony is denied by the accusd, if that testimony be of such a character that the jury was justified in believing it. (*People* v. *Boetcher,* 298 Ill. 580; *People* v. *Schoop,* 288 id. 44.) On examination of this record, we are unable to say that the jury was not justified in returning the verdict of guilty.

It is also urged that the testimony of the complaining witness' brother was inadmissible. It is the general rule that an accused may not be convicted of an offense upon proof that he committed another offense, however persuasive such evidence may be, for such would lead to conviction upon a particular charge by proof of other acts in no way connected with it, and so, uniting evidence of several acts to produce the conviction for a single one. (*People* v. *Rogers,* 324 Ill. 224; Underhill on Criminal Evidence, (3rd ed.) sec. 150; *People* v. *Hagenow,* 236 Ill. 514.) There are equally well-settled exceptions to this rule, one of which is that acts which in themselves are distinct substantive crimes may be proved to show the relation of the parties, (*People* v. *Gray,* 251 Ill. 431,) intent or guilty knowledge, (*Lipsey* v. *People,* 227 Ill. 364,) motive, (*People* v. *Zammuto,* 280 Ill. 225,) and in those cases in which guilty knowledge or intent is an essential to the crime charged proof of other similar offenses tending to show guilty knowledge and to show that the act charged was not accidental or a mistake, is competent. (*People* v. *Heffernan,* 312 Ill. 66; 1 Jones on Evidence, sec. 145.) In cases

of indecent liberties, separate offenses with the same child are held competent as evidence of intent with which the act was done. (*People* v. *Rogers, supra; People* v. *Mason,* 301 Ill. 370; *People* v. *Gray, supra.*) This rule was also applied in *Bolen* v. *People,* 184 Ill. 338, where the charge was incest. It likewise applies in cases of statutory rape. (*Dalton* v. *People,* 224 Ill. 333; *Janzen* v. *People,* 159 id. 440.) The testimony in this case falls within that rule.

It is also contended the conduct of the State's attorney before the jury was prejudicial; that it was error to permit him, over objection, to refer to plaintiff in error's failure to deny crimes testified to as of dates prior to the one charged in the indictment. Plaintiff in error testified in his own behalf, thereby subjecting his testimony to the same criticism as that of any other witness.

Other errors as to admission of testimony have been considered and we are of the opinion that they do not contain merit. There is no error in this record requiring reversal of the judgment and it is affirmed.

*Judgment affirmed.*