THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN MANLEY, Defendant-Appellant.

Second District   No. 2—86—0940

Opinion filed December 8, 1987.

Colombik & Bell, P.C., of Palatine, and Ronald L. Bell & Associates, P.C., of Northbrook (Ronald Lee Bell, of counsel), for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (William L. Browers and Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE DUNN delivered the opinion of the court:

Defendant, John Manley, was charged with two counts of aggravated criminal sexual abuse. (Ill. Rev. Stat. 1985, ch. 38, par. 12—16(b).) He was found guilty by a jury of one count of the same and was sentenced to a term of five years' imprisonment in the Department of Corrections. Defendant filed a timely appeal, arguing that evidence of his past bad acts was improperly admitted, that the statute under which he was convicted is unconstitutional, and that the trial court erred in not declaring a mistrial. We affirm.

Defendant does not contend that he was not proved guilty beyond a reasonable doubt, so a detailed recitation of his conduct is not necessary. Suffice it to say that he was charged with one count of aggravated criminal sexual abuse in that, on various occasions between February 1985 and November 1985, he fondled the vaginal area of one of his three adopted daughters with intent to arouse himself sexually. The second count charged that during the same period, he likewise fondled the buttocks of another of his adopted daughters. Both victims were under 18 years of age at the time of the fondlings. A jury convicted defendant of the first count, but acquitted him of the second charge. Defendant's motion in arrest of judgment was denied.

Defendant first argues that the trial court erred in admitting evidence of prior sexual misconduct between defendant and his adopted daughters. Prior to trial, the trial court had granted defendant's motion *in limine* to exclude evidence of such prior misconduct. After defendant's opening statement, however, the prosecution requested a reconsideration of the order *in limine*. The prosecutor noted that defense counsel had promised to introduce evidence of the complainants' prior silence and denials. He then explained that the complainants had told him that they had not made complaints sooner because they felt their complaints of prior abuse had been useless. The trial court then modified the order *in limine* such that if defendant questioned the complainants about their delay in reporting the charged abuse, the prosecution would be able to rehabilitate them by asking the reasons for their silence.

When defense counsel cross-examined the first complainant, the oldest daughter, he asked if she had told her mother of the abuse or if she had reported the abuse to the Illinois Department of Children and Family Services (DCFS). She answered that she had not reported the abuse to her mother or the DCFS until after she ran away from home late in November 1985. On redirect, she testified that the reason she had not reported the abuse to her mother earlier was because she had not been believed when reporting previous abuse. The prosecutor then asked who had previously abused her, to which she replied, "John Manley."

She then testified that defendant had sexually abused her in 1980 and that she had reported the abuse to a social worker, but that no action was taken other than counseling. She went on to testify that defendant had been taken out of the house by the DCFS in 1983 because of abuse to her two sisters, but that he was allowed to return after one year. It was approximately four months after defendant was allowed to return to the home that the latest abuse started. She testified that she did not call the DCFS this time because in the years that she had been dealing with them, they had never helped her or kept her and her sisters safe. She did not elaborate, however, on the acts which constituted the previous abuse. After the oldest daughter testified, the trial court instructed the jury that the evidence of prior abuse was admitted only to explain her prior silence and not as evidence of the crime charged.

Similar, although less extensive, evidence of defendant's past misconduct was also elicited during redirect examination of the second complainant, the middle daughter. She explained that she had denied being abused at first because she was scared, since nothing had hap-

pened before when she complained of abuse, and she felt that nothing would happen again. The limiting instruction was again given after the middle daughter's testimony.

As defendant correctly notes, the general rule is that evidence of offenses other than those for which a defendant is being tried is inadmissible if offered merely to establish a propensity to commit such acts. (*People v. Romero* (1977), 66 Ill. 2d 325, 330; *People v. Davis* (1984), 130 Ill. App. 3d 41, 50.) On the other hand, "it is also well settled that evidence of other crimes is admissible for the limited purpose of proving motive, intent, identity, or common design. [Citations.] In fact, if it is relevant for *any* purpose other than to show propensity to commit a crime, evidence of other crimes is admissible. [Citation.]" (Emphasis added.) *People v. Shum* (1987), 117 Ill. 2d 317, 352.

It is within the sound discretion of the trial court to decide whether the probative value of evidence is substantially outweighed by the risk that its admission will create a danger of undue prejudice to the accused. (*People v. Friedman* (1980), 79 Ill. 2d 341, 355; *People v. Myles* (1985), 131 Ill. App. 3d 1034, 1043.) Thus, a reviewing court will not overturn the trial court's decision to admit such evidence unless there has been a clear abuse of that discretion. (*People v. Partin* (1987), 156 Ill. App. 3d 365, 370.) After reviewing the record here, it does not appear that the trial court abused its discretion in allowing the complainants to testify to defendant's past misconduct.

The complainants' testimony regarding defendant's past misconduct was clearly not offered merely to show defendant's propensity for abuse. No evidence of prior abuse was offered during direct examination. Defense counsel's cross-examination of both complainants, however, raised the inference that they were untruthful because they did not report the abuse sooner and because the middle daughter at first denied that she was being abused. At this point the complainants were entitled to explain their earlier silence and denials. It was thus the defendant's cross-examination which "opened the door" to this rehabilitation. Defendant cannot now complain of the admission of testimony which was invited by his own tactics at trial. *People v. Jones* (1983), 119 Ill. App. 3d 615, 628.

Defendant further argues, though, that the trial court erred in allowing the oldest daughter to testify to prior abuse committed against her two sisters. Defendant argues that evidence of prior sexual conduct with third persons is not relevant, citing *People v. Rogers* (1926), 324 Ill. 224. Defendant's reliance on *Rogers* is misplaced,

because *Rogers* did not hold that evidence of sex offenses with third persons is *never* relevant. In *Rogers*, where the defendant was charged with a sex offense against one girl, 12 other girls were allowed to testify that the defendant had committed similar acts with them, based on the prosecution's argument that such testimony proved the intent charged. (*Rogers*, 324 Ill. at 228.) The *Rogers* court recognized there were exceptions to the general rule regarding past crimes, but held that the proof there "would not tend to show guilty knowledge or intent in the act charged." (*Rogers*, 324 Ill. at 233.) Unlike the *Rogers* case, the evidence here of past bad acts with third persons was not introduced for the purpose of showing defendant's intent but was offered to explain why the abuse was not reported earlier. It is only logical that the oldest daughter would consider prior responses to her sisters' complaints, as well as her own, in deciding whether another complaint to her mother or the DCFS would be effective.

There is no doubt that defendant was prejudiced to some degree by admission of evidence of his past misconduct. Yet this result is inevitable in any case where this type of evidence is admitted. It was for this reason that the trial court specifically instructed the jury after each complainant testified that the evidence was received for the limited purpose of explaining their earlier silence or denials. Considering the lack of explicit detail with which the prior abuse was described, the limiting instruction given, the purpose for which the evidence was introduced, and the fact that the evidence was introduced in response to defendant's cross-examination, it does not appear that the prejudice to defendant substantially outweighed the probative value of the evidence. The trial court thus did not err in admitting the evidence of defendant's past bad acts.

■ Defendant goes on to argue, though, that if his trial counsel did open the door to the admission of evidence of his past misconduct, then he was denied effective assistance of counsel. This argument is not supported by the record. When the trial court modified the order *in limine* to allow the complainants to testify to prior abuse if defense counsel questioned them about their earlier silence and denials, defense counsel was faced with a choice. He might keep out evidence of the prior abuse, but only if he avoided impeachment questions which were potentially helpful to defendant. As the trial court put it, defendant could not have his cake and eat it too. His decision then to so question the witnesses would thus appear to be a matter of judgment or strategy. A review of defense counsel's competency "does not extend to those areas involving the exercise of

judgment, discretion, or trial tactics." (*People v. Witherspoon* (1973), 55 Ill. 2d 18, 22.) While other counsel may have chosen a different strategy, defendant was not denied effective assistance of counsel here.

■ Defendant next challenges the constitutionality of the statute under which he was convicted. He argues that section 12—16(b) of the Criminal Code of 1961 (Code), when compared with section 12—15(a) of the Code (Ill. Rev. Stat. 1985, ch. 38, pars. 12—16(b), 12—15(a)), violates the equal protection and due process provisions of the Illinois and Federal Constitutions and provides for cruel and unusual punishment. We conclude that these arguments have either been waived or are not convincing.

First, defendant did not challenge the statute on equal protection grounds at any point below, including his post-trial motion. Since arguments not presented to the trial court are deemed waived on review (*Shum*, 117 Ill. 2d at 340), defendant cannot now raise an equal protection challenge. We turn then to defendant's due process and cruel and unusual punishment arguments.

Section 12—16(b) of the Code provides as follows:

> "The accused commits aggravated criminal sexual abuse if he or she commits an act of sexual conduct with a victim who was under 18 years of age when the act was committed and the accused was a family member." (Ill. Rev. Stat. 1985, ch. 38, par. 12—16(b).)

Aggravated criminal sexual abuse is a Class 2 felony. Ill. Rev. Stat. 1985, ch. 38, par. 12—16(e).

Defendant contrasts section 12—16(b) with section 12—15(a), which provides:

> "The accused commits criminal sexual abuse if he or she:
>
> (1) commits an act of sexual conduct by the use of force or threat of force; or
>
> (2) commits an act of sexual conduct and the accused knew that the victim was unable to understand the nature of the act or was unable to give knowing consent." Ill. Rev. Stat. 1985, ch. 38, par. 12—15(a).

■ Criminal sexual abuse is a Class A misdemeanor for a first conviction. (Ill. Rev. Stat. 1985, ch. 38, par. 12—15(c).) Thus, an act of sexual conduct (see Ill. Rev. Stat. 1985, ch. 38, par. 12—12(e)) committed by a nonfamily member by the use of force or upon a victim who was unable to understand or give consent is punished less severely than an act of sexual conduct committed against a minor family member, even though no force may have been involved. The

gist of defendant's due process and cruel and unusual punishment arguments is that section 12—16(b) punishes less egregious, less heinous conduct more severely than more egregious sexual conduct proscribed by section 12—15(a).

The standard for reviewing defendant's due process claim was set forth in *People v. Steppan* (1985), 105 Ill. 2d 310. The *Steppan* court cautioned that in deciding constitutional challenges to criminal statutes, courts are generally reluctant to invalidate penalties prescribed by the legislature. (*Steppan*, 105 Ill. 2d at 319.)

"[This] reluctance stems from [the] recognition that it is the legislature which has been empowered to declare and define conduct constituting a crime and to determine the nature and extent of punishment for it. [Citations.] The legislature, institutionally, is more aware than the courts of the evils confronting our society and, therefore, is more capable of gauging the seriousness of the various offenses. Thus, with regard to the due process provision, the court has required only that the penalty prescribed for the particular crime be ' "reasonably designed to remedy the evils which the legislature has determined to be a threat to the public health, safety and general welfare." ' *People v. Bradley* (1980), 79 Ill. 2d 410, 417.)" *Steppan*, 105 Ill. 2d at 319.

It is true that under these guidelines a criminal statute which punishes less egregious, less heinous conduct more harshly than more egregious conduct violates the due process clause of the Illinois Constitution and is, therefore, invalid. (*People v. Wisslead* (1983), 94 Ill. 2d 190, 196; *People v. Bradley* (1980), 79 Ill. 2d 410, 418.) When judged in light of the standards set forth above, however, it does not appear that section 12—16(b) is unconstitutional. Defendant's argument rests entirely on his assertion that an act of sexual conduct committed by force is more egregious than an act of sexual conduct committed upon a child by a family member, although no force may be involved. Defendant's narrow focus on the element of force, however, ignores other factors which the legislature could consider in determining which crime to punish more severely.

The use of force does not necessarily involve great bodily harm to the victim. In fact, if an accused does cause great bodily harm to the victim during the commission of an act of criminal sexual abuse, the crime becomes aggravated. (Ill. Rev. Stat. 1985, ch. 38, par. 12—16(a)(2).) Even if the use of force is equated with bodily harm as defendant suggests, "bodily harm is not necessarily the controlling criterion in determining which is the more serious offense." *People v.*

*Bales* (1985), 108 Ill. 2d 182, 196.

Among other factors, the legislature could have considered the potential for greater psychological trauma to the victim of abuse by a family member. (See, *e.g.*, *People v. Chitwood* (1986), 148 Ill. App. 3d 730, 737.) One can only imagine the psychological torture endured by a child who has been exploited by a member of his or her own family, someone he or she knows and trusts and should be able to look to for comfort and protection. As the State notes, a child accusing a family member runs a higher risk of being disbelieved by other family members, who would naturally be reluctant to accept the possibility that a loved one is a child abuser. Thus, not only does the victim suffer when abused by a family member, but an entire family can be torn apart when the abuse is revealed.

In view of the above considerations, we do not believe that the legislature unreasonably determined that defendant's crime is more egregious than the conduct proscribed in section 12—15(a) of the Code. "It is within the legislative province to define offenses and determine penalties required to protect the interests of our society." (*Steppan*, 105 Ill. 2d at 321.) Since the legislature's determination here is not unreasonable, the statute is not constitutionally infirm.

■ Finally, defendant argues that the trial court erred in not declaring a mistrial *sua sponte* when it became known that three jurors had overheard parts of an exchange in the courthouse hallway between the victims' grandmother and the youngest daughter, who testified as a defense witness. It would appear that defendant has waived this argument also. After the trial court questioned the jurors as to exactly what they had heard, defense counsel explicitly stated that he was not seeking a mistrial. Furthermore, defendant did not raise the issue in his post-trial motion. As noted above, issues not raised at the trial level are deemed waived for purposes of review. *People v. Stewart* (1984), 104 Ill. 2d 463, 488.

Defendant's appellate counsel, however, again argues that defendant was denied assistance of competent counsel at trial because of trial counsel's failure to request a mistrial. This argument, too, must fail. Our supreme court recently reiterated the standard of review on this issue:

> "The test for ineffective assistance of counsel was outlined in the Supreme Court decision in *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052. In order to establish the ineffective assistance of counsel, a defendant must show that his counsel's performance 'fell below an objective standard of reasonableness' (466 U.S. 668, 688, 80 L.

Ed. 2d 674, 693, 104 S. Ct. 2052, 2065), and that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different' (466 U.S. 668, 694, 80 L. Ed. 2d 674, 698, 104 S. Ct. 2052, 2068). This test was adopted by this court in *People v. Albanese* (1984), 104 Ill. 2d 504, 525-27." (*Shum*, 117 Ill. 2d at 369-70.)

Defendant's trial counsel's failure to seek a mistrial here neither fell below an objective standard of reasonableness nor would the result of the proceeding have been different if he had requested a mistrial.

■■■ "In order to justify the declaration of a mistrial because of an improper communication involving a juror, it is necessary to show that defendant was prejudiced." (*People v. Burmeister* (1986), 147 Ill. App. 3d 218, 225.) Defendant has not shown that he was prejudiced by the "communication" here. When it came to the trial court's attention that some jurors might have overheard the complained-of exchange, the affected jurors were called into chambers one by one and questioned as to exactly what they had heard and as to whether it would have any effect on their decision-making ability. The statements overheard, contrary to defendant's arguments, were fairly innocuous and very brief. In addition, each juror indicated that the incident would not influence his or her decision. Given this state of the record, defendant has not shown that he was unduly prejudiced by the overheard exchange. A declaration of mistrial was thus unnecessary, and counsel therefore cannot be said to have been incompetent for having failed to request one.

For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

HOPF and WOODWARD, JJ., concur.